IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PLECTRUM LLC, ) | |
| ) | |
| Plaintiff, ) | No. 4:17-cv-00084-ALM |
| ) | |
| v. ) | |
| ) | **MOTION TO DISMISS** |
| JUNIPER NETWORKS, INC. ) | **PURSUANT TO FED. R. CIV. P.** |
| ) | **12(B)(6)** |
| Defendant. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| _____ ) | |

**DEFENDANT JUNIPER NETWORK, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

10168581.3 01

I.      **Introduction**

Defendant Juniper Networks, Inc. ("Juniper") respectfully moves this Court to dismiss Plaintiff Plectrum LLC's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint should be dismissed because it does not meet the pleading standards set forth by the Supreme Court in *Twombly*/*Iqbal*.

II.     **Failure to State a Claim**

A complaint should be dismissed under Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alterations in original). In addition to providing sufficient notice, the plaintiff must also plead "***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

A.      **Direct Infringement**

In the context of actions for patent infringement, these pleading requirements demand that the plaintiff:

> "allege **how** the offending products [practice] the claims recited in the [complaint]. That allegation is required to put [defendant] on notice of what it has to defend and to make a plausible showing of infringement. Further, [where the complaint] simply alleges that each element of a cited claim is infringed and then parroted the claim language for each element[, t]hat simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by *Twombly* and *Iqbal*."

*Macronix Int'l. Co. v. Spansion Inc.*, 4. F. Supp. 3d 797, 804 (E.D. Va. 2014) (emphasis added). The Complaint in this matter, just like the complaint dismissed in *Macronix*, purports to satisfy these requirements by simply parroting the language of the asserted patent claims. *See id*. However, the supposed "factual content" about Juniper's accused products do not, in fact,

address Juniper's products at all, but are instead a cut-and-paste copy of the claim limitations from the patents, as the following example chart illustrates by reference to the '951 Patent asserted in Count I:

| Allegations in the Complaint | Claim 1 of the Asserted '951 Patent |
|---|---|
| 22. Juniper has infringed the '951 Patent by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale systems utilizing a method for selecting an output port eligible to be used for transmission of a frame received at a computer network device, wherein said computer network device has at least one input port and a plurality of output ports and said received frame has a source address and a received destination address. | A method for selecting an output port eligible to be used for transmission of a frame received at a computer network device, wherein said computer network device has at least one input port and a plurality of output ports and said received frame has a source address and a received destination address, said method comprising the steps of: |
| 23. The accused products include receiving said frame at one of said at least one input port of said computer network device. | receiving said frame at one of said at least one input port of said computer network device; |
| 24. The accused products include parsing said received destination address from said received frame. | parsing said received destination address from said received frame; |
| 25. The accused products include processing said received destination address with a code generator to generate a coded address. | processing said received destination address with a code generator to generate a coded address; |
| 26. The accused products include comparing said coded address to a value associated with a row within a cache. | comparing said coded address to a value associated with a row within a cache; |
| 27. The accused products include, in the event of a match between said coded address and said value associated with said row, comparing said received destination address with a cached destination address associated with a first entry in said row. | in the event of a match between said coded address and said value associated with said row, comparing said received destination address with a cached destination address associated with a first entry in said row; |
| 28. The accused products include, in the event of a match between said received destination address and said cached destination address associated with said first entry, reading a port | in the event of a match between said received destination address and said cached destination address associated with said first entry, reading a port mask associated with said first entry to |

| | |
|---|---|
| mask associated with said first entry to identify at least one port from said plurality of output ports which is eligible for transmission of said received frame. | identify at least one port from said plurality of output ports which is eligible for transmission of said received frame. |

Because these "factual" allegations are really just a copy of the claim language of the asserted patents, they fail both in (1) providing any notice as to **how** Juniper's products allegedly infringe or what Juniper has to defend, and (2) making a sufficient showing of a plausible claim of liability because the allegations about how Juniper purportedly infringes are devoid of any facts **actually tied to Juniper**.

Plaintiff accuses Juniper's MX Series of routers of, for example, using a "generated hash function," another term parroted verbatim from the asserted patent. *See* Complaint at ¶ 20. To the best of Juniper's knowledge, however, these products do not use a "generated hash function"; in fact, although Juniper makes a huge amount of technical information about its products available on its website and in other fora, none of that documentation says that these products use a "generated hash function." In the absence of any explanation from Plaintiff about the alleged use of a "generated hash function," Juniper is left to guess about what features in the accused products are actually at issue. Moreover, because Plaintiff makes no effort to identify how or where these products use the purported "generated hash function," it cannot be said that the allegations give rise to a **reasonable** inference of infringement; the allegations are nothing more than a conclusory recitation of the patent language.[1]

---

[1] The fact that Plaintiff will have to provide additional information in its Patent Local Rules disclosures does not relieve Plaintiff of its obligation to satisfy the pleading standard of *Iqbal/Twombly* in its Complaint. Plaintiffs have a "responsibility to comply in the first instance with the pleading requirements of Rule 8(a)" and "after-the-fact disclosures cannot be used to supplement the pleadings and meet the *Iqbal/Twombly* standard." *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016).

While Plaintiff may arguably have complied with Form 18 from the Appendix of Forms formerly attached to the Federal Rules of Civil Procedure, Form 18 is no longer an accepted form of pleading patent cases. Form 18 is from an earlier era of the Federal Rules of Civil Procedure and served as a barebones template which was sufficient to state a claim for patent infringement, requiring little more than a specific accused product. But Form 18 was abrogated in 2015, so Form 18 "no longer provides a safe harbor for pleading direct infringement." *See Incom Corp. v. The Walt Disney Company*, No. CV15-3011 PSG (MRWx), 2016 WL 4942032, at \*3 (C.D. Cal. Feb. 4, 2016). Since Form 18's abrogation, courts across the nation have recognized that the modern *Twombly/Iqbal* pleading standard applies to patent case, and that pleading standard demands more than the threadbare components that previously sufficed under Form 18. *See, e.g.*, *id.*; *RainDance Techs., Inc. v. 10X Genomics, Inc.*, No. 15-152-RGA, 2016 WL 927143, at \*2 (D. Del. Mar. 4, 2016) (*Twombly/Iqbal* are the "existing standards" for pleading patent infringement); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05469-EDL, 2016 WL 1719545, at \*2 (N.D. Cal. Mar. 9, 2016) (applying *Twombly/Iqbal* standard); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1010 (D.N.J. 2016) (applying *Twombly/Iqbal* standard). Given the modern understanding of pleading requirements found in *Twombly/Iqbal*, the Complaint in this matter is manifestly deficient. The Complaint merely parrots verbatim the words of the asserted patent claims, which are exactly the kind of "formulaic recitation of the elements of a cause of action" that the Supreme Court held "will not do." *See Iqbal*, 556 U.S. at 678 (*citing Twombly*).

Overall, the Complaint in this case is highly analogous to that found in *SIPCO, LLC v. Streetline, Inc.*, No. 16-830-RGA, 2017 WL 277398, at \*3 (D. Del. Jan. 20, 2017), where the Court held:

> "Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified.

> Plaintiff makes a legal conclusion, to wit, the sales of your products infringe our patents. This is insufficient to plausibly allege patent infringement. Clearly, Plaintiff could allege a lot more than it has, as no ethical lawyer would bring this lawsuit if the plaintiff could not allege more. Plaintiff does not have to allege everything it has, but it does have to write a complaint . . . that makes it plausible to think a defendant has infringed at least one claim of any asserted patent."

As in *SIPCO*, the Complaint in this case merely identifies patents owned by Plectrum and products made by Juniper that Plectrum accuses of infringing. That is simply not enough. *See id*. The allegations of direct infringement should be dismissed for failing to provide Juniper with the requisite notice and for failing to make a plausible showing of infringement.

  **B.**   **Indirect Infringement**

Indirect infringement requires a predicate act of direct infringement. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014). But as shown above, Plaintiff has failed to adequately plead a claim of direct infringement. Therefore, Plaintiff's allegations of indirect infringement are insufficient because they incorporate by reference the flaws fatal to the allegations of direct infringement. *See* Complaint at ¶¶ 57-58 (accusing Juniper of indirect infringement by virtue of Juniper's customers' direct infringement by using the Juniper accused products).

Additionally, the allegations of indirect infringement must be dismissed because the allegations regarding the requisite knowledge are insufficient. As background, indirect infringement requires knowledge on the part of the indirect infringer. *Global-Tech Appliances, Inc v. SEB S.A.*, 563 U.S. 754, 763 (2011). This knowledge is assessed at the time the complaint is filed. *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."); *MyMedicalRecords, Inc. v. Jardogs, LLC*, No. 2:13-cv-03560-ODW(SHx),

2014 WL 32157, at * 2 (C.D. Cal. Jan. 6, 2014) ("The United States Supreme Court has implicitly held that the defendant must have had presuit knowledge of the patent in order for a plaintiff to establish induced infringement . . . ."). Plaintiff does not even allege that Juniper had pre-suit knowledge of the '149 or '677 Patents, rather Plaintiff alleges that Juniper had knowledge of those patents only as of the date that the Complaint was filed. *See* Complaint at ¶ 59. As to the third asserted patent (the '951 Patent), Plaintiff only alleges that Juniper had pre-suit knowledge by virtue of reference to the patent during the prosecution of other patent applications by Juniper (Complaint at ¶ 29), but that situation has been expressly held not to constitute sufficient "knowledge." *See, e.g.*, *Spherix Inc. v. Juniper Networks, Inc.*, No. 14-578-SLR, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015) ("The fact that the '123 patent was referenced during prosecution of two of defendant's over 1,700 patents is not compelling evidence of knowledge . . . ." (citations omitted)); *Chalumeau Power Sys. v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (holding that similar allegations of purported "knowledge" based on, among other things, citations during patent prosecution were insufficient to support claims of indirect infringement). Juniper therefore had no actual pre-suit knowledge of any of the asserted patents. And what appears to be Plaintiff's attempt to plead willful blindness (an alternative to actual knowledge) is insufficient because the Complaint does not allege that Juniper subjectively believed that there was a high probability of infringement, as required for willful blindness. *See* Complaint at ¶ 60 (no discussion of Juniper's subjective belief in a high probability of infringement amid allegations discussing wilful blindness); *Global-Tech*, 563 U.S. at 768-69 ("the defendant must subjectively believe that there is a high probability that a fact exists" for a finding of wilful blindness). Thus, even accepting Plaintiff's allegations as true, the Complaint does not adequately allege that Juniper had the pre-

suit knowledge of the asserted patents required for a finding of indirect infringement, and therefore the allegations regarding indirect infringement must be dismissed.

        **C.**    **Willfulness**

As with indirect infringement, knowledge is a requirement for a finding of willfulness in order to enhance damages. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). Also as with indirect infringement, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *2 (E.D. Tex. Mar. 27, 2013) (*quoting In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (*abrogated on other grounds*)). But as discussed above, Juniper had no pre-suit knowledge of any of the asserted patents. Therefore, the allegations regarding willfulness should be dismissed because the Plaintiff has not sufficiently pled that Juniper had the pre-suit knowledge required for a finding of willful infringement.

The allegations regarding willfulness should also be dismissed because the Plaintiff does not actually plead facts that support its allegations. The Complaint simply alleges that Juniper's infringement was "willful" (Complaint at ¶ 62), but that is nothing more than a "legal conclusion couched as a factual allegation" that the Court need not accept as true. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff's allegation regarding willfulness cannot survive when the only "fact" supporting it is the legal conclusion that it is trying to prove. *See Iqbal*, 556 U.S. at 678 ("formulaic recitation of the elements of a cause of action will not do" (*citing Twombly*)).

**III.**    <u>Venue</u>

Juniper objects to this Court's exercise of personal jurisdiction over Juniper and further objects because this venue is improper. *See* Fed. R. Civ. P. 12(b)(2)-(3); 28 U.S.C. §§ 1400(b) and 1391. As background, in *In re TC Heartland LLC*, 821 F.3d 1338, 1341 (Fed. Cir. 2016),

the patent infringement defendant petitioned for a writ of mandamus to dismiss or transfer the case on the grounds that its tenuous ties with the forum state of Delaware meant that it does not "reside" in Delaware for venue purposes under 28 U.S.C. § 1400(b). The Federal Circuit rejected defendant's argument, but the Supreme Court granted certiorari. *TC Heartland v. Kraft Food Brands Group LLC*, 137 S. Ct. 614 (2016). The defendant in *TC Heartland* has similarly trivial connections to the forum state in that case as Juniper has to this District in this case; thus, this case should be dismissed for improper venue and/or lack of personal jurisdiction for the same reasons that *TC Heartland* should be reversed. If necessary, Juniper will provide additional briefing regarding these issues after the forthcoming decision by the Supreme Court.

DATED: May 8, 2017

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
TX Bar No. 24001351
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Melissa@gilliamsmithlaw.com

***Attorneys for Defendant Juniper Networks, Inc.***

- 9 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 8th day of May, 2017.

*/s/ Melissa R. Smith*
Melissa R. Smith
